# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**DENNEVER LIVINGSTON,**

    Petitioner,

vs.                                          Case No. 5:05cv99-RH/WCS

**WARDEN J. BARRON, JR.,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION ON § 2241 PETITION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner paid the filing fee.

The state court case number identified in the style of the petition is case 7K005352. Doc. 1 (cover page and p. 1). "Petitioner entered a guilty plea on 6/7/1988 to case number 7K005352 Criminal Sale of a Controlled Substance, (1 to 3) years." *Id.*, p. 2. He asserts that his plea was invalid, *inter alia*, due to ineffective or lack of counsel, and because the plea was not knowing and voluntary. *Id.*, pp. 2-3. He advises that "[t]his is a collateral proceding [sic], in which the Petitioner has completed the service of the sentences imposed, and is now seeking to have the convictions Vacated and set

aside." *Id.*, p. 4. He asserts that the expired conviction was used to enhance the federal sentence he is currently in custody. *Id.*

In McCarthy v. United States, 320 F.3d 1230 (11th Cir. 2003), the prisoner filed a petition for writ of habeas corpus challenging expired state convictions, also from 1988. The court held: "Because McCarthy was attacking expired state convictions from 1988 that were used to enhance his current federal sentence, he had to bring his suit as a challenge under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2254." *Id.*, at 1231, n. 1 (citations omitted). Unlike the court in McCarthy, this court cannot construe the petition as a § 2255 motion as this was not the sentencing court. Defendant was sentenced to a total of 360 months in the Eastern District of Virginia, Norfolk Division, case number 2:97cr00039-HCM-41 (docket available in PACER). According to the docket, Defendant is represented by counsel in a § 2255 proceeding which currently remains pending.[1]

Under the "savings clause" of § 2255, a prisoner otherwise entitled to proceed under § 2255 may seek relief by habeas corpus only if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." § 2255. Even without applying the strict standards established for proceeding under the savings clause where § 2255 relief is no longer available,[2] here there is an ongoing § 2255 proceeding in

---

[1] This court has access to the docket but not the actual documents. According to the docket, Defendant was allowed to file a response (if he wished to do so) within 20 days of receipt of the Government's answer. Doc. 124 in that case. The last docket entry is the Government's response filed on April 26, 2005. Doc. 125 in that case.

[2] To proceed under the savings clause, the claim must be based upon a retroactively applicable Supreme Court decision, establishing the petitioner was convicted for a nonexistent defense, that circuit law squarely foreclosed at the time it could have been raised at trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).

which Defendant has the benefit of counsel.  The § 2255 remedy is not inadequate or ineffective.

It is respectfully **RECOMMENDED** that the § 2241 petition, challenging Petitioner's expired New York sentence as used to enhance his current federal sentence from the Eastern District of Virginia, case number 2:97cr39-HCM-41, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2005.


        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 5:05cv99-RH/WCS